STATE OF NORTH CAROLINA v. HERMAN LEE GLOVER

No. 8521SC125

(Filed 15 October 1985)

**Criminal Law § 128.2 — defendant's criminal record — mistrial denied — no abuse of discretion**

> The trial court did not abuse its discretion in a prosecution for felonious larceny when it denied defendant's motion for a mistrial after an officer testified, in response to a question concerning whether defendant went by another name, that defendant had numerous charges in the records division. The trial court properly sustained defendant's objection and instructed the jury to disregard the witness's answer, and defendant was not deprived of his constitutional right to remain silent because he clearly took the stand to rebut the State's evidence that he committed the crime and not to answer the State's evidence regarding other charges.

APPEAL by defendant from *Wood, Judge.* Judgment entered 28 September 1984 in Superior Court, FORSYTH County. Heard in the Court of Appeals 19 September 1985.

This is a criminal case in which defendant was charged with felonious larceny in violation of G.S. 14-72. Upon a plea of not guilty, the defendant was tried before a jury and found guilty.

The essential facts are:

On 8 March 1984 at approximately 1:00 o'clock p.m. a money box containing $1,900.00 in cash and $960.00 in checks was stolen from the Winston-Salem Barber School (the School). The State presented evidence that on 8 March 1984 around 1:00 o'clock p.m. a black man was seated in the reception area of the School. He was observed by several people working at the School that day, including Miss Sandy. Miss Sandy, a student, was in her barber's chair approximately 20 feet away from the man seated in the reception area and approximately seven to nine feet away from the counter where the money box was located. Miss Sandy stated that the man wore a red toboggan, sunglasses and blue jeans. As

she was watching him, the man got up out of his chair and walked over to the counter. He picked up the telephone receiver and then replaced it. He then reached over the counter, picked up the money box, and ran out the door. Miss Sandy went over to the door, looked out and saw the man running through a parking lot. Mr. Whitney, the secretary/treasurer of the School, and several students gave chase but were unable to apprehend the man.

Miss Sandy later identified the man at the School from a photographic lineup. She identified a photograph of the defendant.

Betty Barnes, another student, was also working there on 8 March 1984. She testified that she had known the defendant for more than three years. She saw him at the School around 1:00 p.m. on 8 March 1984. He waved to her and she said "Hey, Glover" and asked him what he was doing there. He told her that he was waiting for someone. She asked if he would like a haircut and he told her "No." Miss Barnes also identified the defendant from a photographic lineup.

The defendant presented evidence which tended to show that he worked for Mrs. Dorothy Felder. Mrs. Felder testified that from 10:30 a.m. until 4:00 p.m. on 8 March 1984 she was with the defendant, running errands and visiting her sister in the hospital. Other witnesses testified for the defendant corroborating his alibi.

From his conviction and the judgment imposing a sentence of five years, the defendant appeals.

*Attorney General Thornburg by Special Deputy Attorney General H. A. Cole, Jr., for the State.*

*Dan S. Johnson, for the defendant-appellant.*

EAGLES, Judge.

By his sole assignment of error, the defendant contends that the trial court erred when it denied his motion for mistrial, when the motion was based on the admission of defendant's criminal record by incompetent and highly prejudicial evidence which violated the defendant's constitutional right to remain silent. We disagree.

Defendant's only assignment of error is based on two exceptions. However, the exceptions do not appear in the record except under the purported assignment of error. These exceptions are worthless and will not be considered on appeal. *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118 (1956).

> Under our former Rules . . ., the appeal itself constituted an exception to the judgment and presented for review any error appearing on the face of the record proper. [Citations omitted.] Our present Rules of Appellate Procedure, effective 1 July 1975, obliterated the former distinction between the "record proper" and the "settled case on appeal." Instead, the single concept of "record on appeal" is used and the composition of the record on appeal is governed by Rule 9(b), Rules of Appellate Procedure.

*State v. Samuels,* 298 N.C. 783, 785-86, 260 S.E. 2d 427, 429-30 (1979).

The crux of this appeal involves certain testimony of Officer Larry Reavis. The pertinent portions, excerpted from the record, are as follows:

Q. Do you know of your own knowledge whether or not the defendant goes by another name other than Herman Lee Glover?

MR. JOHNSON: Object, Your Honor, it would have to be hearsay.

COURT: Overruled.

A. He had numerous charges in our records division—

MR. JOHNSON: Your Honor, object.

COURT: Sustained. That's not responsive. Members of the jury, don't consider that answer.

Q. Simply do you know of your own knowledge whether or not the defendant goes by a name other than Herman Lee Glover?

A. I do.

Defense counsel promptly objected, and the trial judge promptly sustained the objection and instructed the jury to dis-

regard the witness' answer. While psychologists may debate a juror's ability to ignore spoken words and erase their impressions from his mind, our legal system through trial by jury operates on the assumption that a jury is composed of men and women of sufficient intelligence to comply with the court's instructions and they are presumed to have done so. *State v. Ray*, 212 N.C. 725, 194 S.E. 482 (1938). A defendant's motion for mistrial must be granted, as required by G.S. 15A-1061, "if there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, resulting in substantial and irreparable prejudice to the defendant's case." The decision as to whether prejudice has occurred is addressed to the discretion of the trial judge. *State v. Rogers*, 52 N.C. App. 676, 279 S.E. 2d 881 (1981). His decision is not reviewable absent a showing of gross abuse of discretion. *State v. Love*, 296 N.C. 194, 250 S.E. 2d 220 (1978). There is no abuse here.

The witness' nonresponsive statement did not violate the defendant's constitutional right to remain silent and the defendant is not entitled to a new trial. Contrary to defendant's argument, it is clear from the transcript of the defendant's testimony that the defendant took the stand, not to answer the State's evidence regarding other charges, but in order to rebut the State's evidence that he committed the crime.

> A defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives, and that waiver is no less effective or complete because the defendant may have been motivated to take the witness stand in the first place only by reason of the strength of the lawful evidence adduced against him.

*Harrison v. United States*, 392 U.S. 219, 222, 20 L.Ed. 2d 1047, 1051, 88 S.Ct. 2008, 2010 (1968).

We find no error in the judgment or in the record on appeal which warrants a new trial.

No error.

Judges JOHNSON and PARKER concur.