STATE OF NORTH CAROLINA v. DONALD JOSEPH ROLAND

No. 8726SC321

(Filed 15 December 1987)

1. Obscenity § 3— value of materials—reasonable man standard—erroneous instructions—harmless error

The trial court erred in instructing the jury in a prosecution for disseminating obscenity that it should assess the value of the materials based on its "own views" rather than on a reasonable man standard. However, such error was harmless because no rational juror, properly instructed, could have found value in the materials in question even though defendant's expert witnesses testified that the materials "could" have scientific and educational value.

2. Obscenity § 2— absence of statewide standard—equal protection

N.C.G.S. § 14-190.1(b) does not violate the equal protection clause of the N. C. Constitution because it does not require the application of a statewide community standard in determining what materials are obscene.

3. Obscenity § 3— survey of community attitudes—exclusion of specific questions and responses

The trial court in a prosecution for disseminating obscenity did not err in refusing to permit defendant's expert witness to testify as to the specific questions and responses of a survey conducted to measure the level of community acceptance or tolerance for sexually explicit materials since the questions dealt primarily with public tolerance of obscene materials in general and lacked probative value as to whether the materials in question were patently offensive or appealed to the prurient interest.

4. Criminal Law § 128.2; Obscenity § 3— testimony that materials "obscene"—refusal to order mistrial

The trial court did not err in refusing to grant a mistrial in a prosecution for disseminating obscenity when an officer testified that his opinion was that the materials in question were obscene where the court granted a motion to strike and instructed the jury that the officer's opinion was not evidence in the case.

**5. Obscenity § 3— jury argument—materials "shameful" and "offensive"—absence of prejudice**

Error, if any, in the district attorney's jury argument in an obscenity case that the test was whether the materials were "shameful" and "offensive" was not prejudicial to defendant where the district attorney referred to and gave the legal definitions of patent offensiveness and prurient interest several times in his argument, and the trial court properly instructed the jury on the law of obscenity after the district attorney made his final argument.

**6. Criminal Law § 102.6; Obscenity § 3— jury argument—materials as "filth"—reference to defendant's attorney—no gross impropriety**

The prosecutor's jury argument that the materials in question were "filth" and his statement that the jury was to apply the test for obscenity, "not some guy from New York," an apparent reference to defendant's New York counsel, were not so grossly improper as to prejudice defendant.

**7. Obscenity § 3— dissemination of obscenity—guilty knowledge**

The State's evidence in a prosecution for disseminating obscenity was sufficient for the jury to find that defendant had guilty knowledge of the contents of the film and magazines in question where it tended to show that the officer who purchased the materials from defendant in an adult bookstore had seen defendant there on two prior occasions, and that the film box and magazine covers were illustrated with pictures which were indicative of the contents of the film and magazines.

**8. Obscenity § 1— dissemination of obscenity—statute constitutional**

There was no merit to defendant's contention that the statute prohibiting the dissemination of obscenity, N.C.G.S. § 14-190.1, is unconstitutional on grounds that it (1) fails to set forth a proper scienter requirement; (2) fails to provide for a prompt judicial determination of obscenity; (3) omits the words "in any public place"; (4) is overbroad in its definition of sexual conduct; and (5) fails to include the phrase "taken as a whole" with regard to the examination of a material's literary, artistic, political or scientific value.

Judge GREENE dissenting.

APPEAL by defendant from *Lewis (Robert D.), Judge.* Judgment entered 5 November 1986 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 25 September 1987.

*Attorney General Lacy H. Thornburg by Assistant Attorney General Norma S. Harrell for the State.*

*Lipsitz, Green, Fahringer, Roll, Schuller & James by Herbert L. Greenman, Paul J. Cambria, Jr., and Cherie L. Peterson; and James, McElroy & Diehl by Edward T. Hinson, Jr., and Mark T. Calloway for defendant appellant.*

COZORT, Judge.

Defendant was convicted on four counts of disseminating obscenity in violation of N.C. Gen. Stat. § 14-190(a)(1). From a judgment sentencing him to a presumptive one-year term and fining him $3,000.00 and the costs of the action, defendant appeals.

On 1 October 1985, Officer W. R. Trull of the Mecklenburg County Police Department entered the East Independence Adult Bookstore. After examining the materials on display, he selected three magazines, all enclosed in clear plastic wrappers, and one film. Officer Trull took these items to the cash register, where defendant, the operator of the bookstore, rang up the sale. Subsequently, on 3 October 1985, defendant was arrested and charged with disseminating obscenity for the sale of these four items.

At trial, defense counsel called two psychiatrists, Dr. Charles B. Nemeroff, and Dr. Wade D. Williams, both of whom had reviewed copies of the magazines and film. Based upon their review of these materials, both doctors testified that in their opinion, the materials could have scientific and educational value, and could be useful in treating sexual dysfunctions, homosexual fears and other sexual problems.

The defense counsel also called Dr. Robert L. Stevenson, a Professor of Journalism at the University of North Carolina at Chapel Hill, who was tendered as an expert in public opinion polls and surveys. Dr. Stevenson testified that he had evaluated and reviewed a survey designed to measure the level of community acceptance or tolerance for sexually explicit materials in Mecklenburg County. He stated that the methods used in conducting the survey were consistent with acceptable polling standards and that the questions presented were adequate to measure the level of acceptability or toleration for sexually explicit materials in Mecklenburg County. Based upon his review of the survey and the subject materials, Dr. Stevenson testified that the average person in Mecklenburg County would find that the materials at issue were not patently offensive. The trial court refused, however, to allow Dr. Stevenson to testify about the actual survey results which formed the foundation of his opinion.

The jury returned a guilty verdict on all four counts of disseminating obscenity. Defendant was then sentenced to a pre-

sumptive one-year term, with an active term of sixty days and the remaining ten months suspended with defendant on special probation. Defendant was also fined $3,000 and the costs of the action. From this judgment, defendant appeals and contends that the trial court erred (1) in its charge to the jury on the test for obscenity; (2) in failing to instruct the jury to apply statewide community standards; (3) in refusing to allow Dr. Stevenson to testify as to specific questions and responses in the survey; (4) in refusing to grant his motion for a mistrial after Officer Trull testified that the materials in question were obscene; (5) in overruling his objections to the prosecutor's jury argument; (6) in denying his motion to dismiss for insufficiency of the evidence on guilty knowledge; and (7) in denying his motion to dismiss based on the unconstitutionality of N.C. Gen. Stat. § 14-190.1. For the following reasons, we find that defendant's contentions have no merit and that he received a fair trial, free of prejudicial error.

[1]   Defendant's first contention on appeal is that the trial court erred in its charge to the jury on the test for obscenity.

A three-part test for judging whether material is obscene was set out by the United States Supreme Court in *Miller v. California*, 413 U.S. 15, 37 L.Ed. 2d 419, 93 S.Ct. 2607, *reh'g denied*, 414 U.S. 881, 38 L.Ed. 2d 128, 94 S.Ct. 26 (1973). The court stated that:

> The basic guidelines for the trier of fact must be: (a) whether "the average person, applying contemporary community standards" would find that the work, taken as a whole, appeals to the *prurient interest* . . .; (b) whether the work depicts or describes, in a *patently offensive* way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

*Id.* at 24, 37 L.Ed. 2d at 431, 93 S.Ct. at 2610 (citations omitted) (emphasis added).

"[T]he first and second prongs of the *Miller* test—appeal to prurient interest and patent offensiveness—are issues of fact for the jury to determine applying contemporary community standards." *Pope v. Illinois*, 481 U.S. ---, ---, 95 L.Ed. 2d 439, 445, 107 S.Ct. 1918, 1920 (1987). The third, or "value," prong of the *Miller*

test, however, "is not discussed in terms of contemporary, community standards." *Id.* According to *Pope*, the omission of the community standard from the third prong was a "deliberate choice" by the *Miller* court, because the "value" of a work does not "vary from community to community based on the degree of local acceptance it has won." *Id.* As to value, the court in *Pope* further stated that:

> The proper inquiry is not whether an ordinary member of any given community would find serious literary, artistic, political, or scientific value in allegedly obscene material, but whether a reasonable person would find such value in the material, taken as a whole.

*Id.*

In the case *sub judice*, the trial court instructed the jury regarding the third element of the *Miller* test, as follows:

> The third element which the State must prove in order to have you find that this material is obscene is that the State must prove beyond a reasonable doubt that the material, considered as a whole, lacks serious literary, artistic or political or scientific value. This, of course, is not measured by the community standards but is measured by your *own views* of literary, artistic, political and considering the testimony concerning scientific value. (Emphasis added.)

Defendant contends, and we agree, that the trial court erred in instructing the jury to assess the materials' value based on their "own views," rather than on a reasonable man test. However, following the guidance of *Pope*, we hold that this error was harmless.

In *Pope v. Illinois*, the United States Supreme Court stated that erroneous jury instructions would not necessarily require a retrial "if it can be said beyond a reasonable doubt that the jury's verdict . . . was not affected by the erroneous instruction." *Id.* at ---, 95 L.Ed. 2d at 446, 107 S.Ct. at 1922. In that case the Supreme Court decided that "[w]hile it was error to instruct the juries to use a state community standard in considering the value question, if a reviewing court concludes that no rational juror, if properly instructed, could find value in the magazines, the convic-

tions should stand." *Id.* at ---, 95 L.Ed. 2d at 447, 107 S.Ct. at 1922.

Having examined the materials in this case, we conclude that no rational juror, properly instructed, could find value in them. Therefore, we hold that the trial court's error was harmless and that defendant's conviction should stand.

Defendant further argues that the trial court's erroneous instruction was particularly harmful since he had offered expert testimony as to the materials' scientific and educational value. He contends that by instructing the jury that the materials were to be judged by their own standards, the trial court directed the jury to disregard this expert testimony. However, Dr. Nemeroff and Dr. Wade testified only that the materials "could" have scientific and educational value, not that they did. In addition, the test is not whether a material has any value, but whether it has "serious" scientific, artistic, literary or political value. *Miller v. California*, 413 U.S. 15, 37 L.Ed. 2d 419, 93 S.Ct. 2607. Defendant's experts here did not establish conclusively that the materials had serious scientific or educational value. Therefore, we hold that, despite Dr. Nemeroff's and Dr. Wade's expert testimony as to the material's scientific and educational value, a properly instructed jury would still find no value in them.

[2] Defendant next argues that N.C. Gen. Stat. § 14-190.1(b) is unconstitutional by failing to require the use of a "statewide" community standard in determining what materials are obscene. He further argues that the trial court erred in failing to instruct the jury to apply such a standard. We disagree.

These exact arguments were made by the defendant in *State v. Mayes*, 86 N.C. App. 569, 359 S.E. 2d 30 (1987). In that case, this Court held that "neither G.S. § 14-190.1 nor the judge's instructions in this case contravene the Constitution of the United States by failing to specify what is meant by 'community.'" *Id.* at 574, 359 S.E. 2d at 34. In addition, the Court stated that:

> Our General Assembly chose not to define "community" in precise geographic terms when it enacted G.S. 14-190.1. In the absence of a precise statutory specification of "community," the trial judge properly declined to judicially restrict or expand that term, permitting the jurors to apply the stand-

ards of the community from which they came in much the same manner as they would determine "the propensities of a 'reasonable' person in other areas of the law."

*Id., quoting Hamling v. United States*, 418 U.S. 87, 41 L.Ed. 2d 590, 94 S.Ct. 2887, *reh'g denied*, 419 U.S. 885, 42 L.Ed. 2d 129, 95 S.Ct. 157 (1974).

Defendant further argues that N.C. Gen. Stat. § 14-190.1(b) violates the equal protection clause of the North Carolina Constitution by failing to include a statewide standard. This argument was also addressed in *Mayes*, where this Court stated:

Ours is a large and diverse State, and it is unrealistic to expect to find that the same standards exist throughout the State or that the residents of one part of the State would have knowledge of the community standards held in another area. Thus we hold that permitting jurors to apply the standards of the community from which they come, rather than requiring the application of a uniform statewide standard of obscenity, does not violate the equal protection clause of the North Carolina Constitution.

*Id.* at 575, 359 S.E. 2d at 35. Accordingly, we find that defendant's arguments on these issues are without merit.

[3]   Next, defendant argues that the trial court erred in refusing to allow Dr. Stevenson to testify as to the specific questions and responses from the survey he evaluated. We disagree.

"[T]he trial court retains 'wide discretion in its determination to admit and exclude evidence, and this is particularly true in the case of expert testimony.' " *Id., quoting Hamling v. United States* at 108, 41 L.Ed. 2d at 615, 94 S.Ct. at 2903. Expert testimony is properly excluded when it lacks sufficient probative value and would serve only to confuse the jury. *See State v. Knox*, 78 N.C. App. 493, 337 S.E. 2d 154 (1985).

In the case at bar the trial court properly disallowed Dr. Stevenson's testimony concerning the questions and responses from the survey. This testimony lacked any probative value as to whether the subject materials were either patently offensive or appealed to the prurient interest. The questions dealt primarily with public tolerance of obscene materials in general, rather than

with acceptance of the materials under scrutiny. Yet, even though the questions were irrelevant, Dr. Stevenson was still allowed to testify as to the content of three of the nine questions, as well as to the specific results of one of them. In addition, Dr. Stevenson was allowed to testify that the answers to the questions showed a 2-1 or 3-1 ratio that the average person in Mecklenburg County would not find this kind of material patently offensive. Finally, even if the exclusion of the remaining questions and answers was error, defendant has failed to show that a different result would have been reached at trial had the error in question not been committed. *State v. Knox*, 78 N.C. App. 493, 337 S.E. 2d 154. Therefore, we hold that the trial court properly excluded Dr. Stevenson's testimony and error, if any, was not prejudicial.

[4] Defendant's fourth argument is that the trial court erred in refusing to grant his motion for a mistrial after Officer Trull testified that "[m]y opinion is that [the subject materials] are obscene." We disagree.

The trial court immediately sustained defense counsel's objection to this statement, granted a motion to strike and instructed the jury that the witness's opinion was not evidence in the case. At that point defense counsel moved for a mistrial and the trial judge stated:

> [Officer Trull's] opinion of what the magazines were or were not is not relevant at this stage of the proceedings. I instruct you that his opinion is not relevant at any point in your deliberations. Are there any of you that can't follow that instruction?

Upon the failure of any juror to respond that he could not follow this instruction, the trial judge reiterated his instruction that Officer Trull's "opinion at this time is not competent and shall not be considered by you at any point in your deliberations."

Defendant contends that the trial court's instructions were insufficient to strike the statement from the jury's mind and that a mistrial should have been granted. However, a motion for mistrial is addressed to the sound discretion of the trial judge and absent a showing of gross abuse of that discretion, the trial court's ruling will not be disturbed on appeal. *State v. Glover*, 77 N.C. App. 418, 335 S.E. 2d 86 (1985). In addition, "our legal system

through trial by jury operates on the assumption that a jury is composed of men and women of sufficient intelligence to comply with the court's instructions and they are presumed to have done so." *Id.* at 421, 335 S.E. 2d at 88. Given the prompt and repeated instructions by the trial court, we hold that it properly exercised its discretion in denying defendant's motion for a mistrial.

[5] Defendant argues that the trial court also erred in not granting his motion for a mistrial based on the prosecutor's improper argument to the jury. We disagree.

In his closing argument the district attorney stated to the jury:

"Is this material shameful to the average person in this community?" You know this material is shameful to the average person in this community. . . . Would the average adult in this community be offended by that material? Certainly they are going to be offended by the material. . . . They would say number 1, it is shameful, and number 2, it is offensive, and that is the test. . . . Does the average citizen in Mecklenburg County, the average adult citizen, will he or she consider this to be shameful, and will they be offended by it, and does it have serious scientific value, and I submit to you the answer is, "No," and that the answer is that this material is shameful and it is offensive.

Defendant contends that the prosecutor misstated the law of obscenity by referring to the materials as shameful and offensive rather than stating that the material must be patently offensive and appeal to a prurient interest in sex. Defendant argues that the court's failure to sustain objections to these statements and to give curative instructions constituted prejudicial error. However, the district attorney was not arguing that the jury should substitute some test comprised purely of shamefulness and offensiveness for the *Miller* test of obscenity. In fact, the district attorney referred to and defined patent offensiveness and prurient interest, in accordance with *Miller*, several times in his argument. In addition, the trial court properly instructed the jury on the law of obscenity after the district attorney gave his final argument. Therefore, we hold that error, if any, in the district attorney's statement of the law, was not prejudicial.

State v. Roland

**[6]** Defendant also objects to two other portions of the district attorney's argument to the jury. First, defendant argues that the district attorney's reference to the subject materials as "filth" was an improper statement of his personal opinion to the jury. Defendant also objects to the district attorney's statement to the jury that they were to apply the test for obscenity, "not some guy from New York." He contends that this is a hostile reference to defense counsel, Paul Cambria, who is from New York. Defendant contends that these comments were so highly prejudicial as to require a new trial. We disagree.

"The scope of the arguments to the jury is in the sound discretion of the trial judge and his ruling will not be disturbed except upon a finding of prejudicial error." *State v. Spears*, 70 N.C. App. 747, 751, 321 S.E. 2d 13, 15 (1984), *aff'd*, 314 N.C. 319, 333 S.E. 2d 242 (1985). In addition, it is well settled that counsel are allowed wide latitude in arguments to the jury in hotly contested cases. *State v. Wingard*, 317 N.C. 590, 601, 346 S.E. 2d 638, 645 (1986). They are allowed "to argue before the jury law and facts in evidence and all reasonable inferences to be drawn therefrom." *Id.* When the prosecution's argument is viewed as a whole, as it must be, *State v. Payne*, 312 N.C. 647, 325 S.E. 2d 205 (1985), we find that the prosecutor's statements were not so grossly improper as to prejudice the defendant. Therefore, we find that the trial court properly denied defendant's objections to these statements.

**[7]** Defendant next argues that the trial court erred in denying his motion to dismiss for insufficiency of the evidence on the issue of guilty knowledge. We find no merit in this argument.

Under N.C. Gen. Stat. § 14-190.1(a), the prosecutor must prove beyond a reasonable doubt that the person charged "intentionally" disseminated obscenity. This standard requires findings of both "intent" and "guilty knowledge." *Cinema I Video v. Thornburg*, 83 N.C. App. 544, 351 S.E. 2d 305 (1986), *aff'd*, 320 N.C. 485, 358 S.E. 2d 383 (1987). Guilty knowledge requires not only knowledge of the character or nature of the materials, but also knowledge of their *content. Hamling v. United States*, 418 U.S. 87, 41 L.Ed. 2d 590, 94 S.Ct. 2887 (1974).

Defendant contends that in the present case there is no direct proof that he had any knowledge of the subject materials'

contents, so that his motion to dismiss should have been granted. On a motion to dismiss the evidence must be considered in the light most favorable to the State, and the State must be given the benefit of every reasonable inference to be drawn therefrom. *State v. Cutler*, 271 N.C. 379, 156 S.E. 2d 679 (1967). "The test of the sufficiency of the evidence to withstand such a motion is the same whether the evidence is circumstantial, direct, or both." *Id.* at 383, 156 S.E. 2d at 682.

The circumstantial evidence here amply established defendant's knowledge of the subject materials' content. First, Officer Trull testified that he had seen defendant in the bookstore on two occasions prior to the date on which the materials were purchased. Also, the box containing the film and the covers of the magazines were illustrated with pictures. Officer Trull testified that these pictures were indicative of the contents of the film and magazines. Finally, the jury had the opportunity to examine the film and magazines themselves to determine whether the box and covers reflected the materials' contents, as proof that defendant had knowledge of such. Viewing this evidence in the light most favorable to the State, we hold that it was sufficient to permit a reasonable inference that defendant had knowledge of the materials' contents. Therefore, we find that defendant's argument on this issue is without merit.

[8] Finally, defendant argues that the trial court should have allowed his motion to dismiss because N.C. Gen. Stat. § 14-190.1 is unconstitutional. He contends that the statute is unconstitutional in that it: (1) fails to set forth a proper scienter requirement; (2) fails to provide for a prompt judicial determination of obscenity; (3) omits the words "in any public place"; (4) is overbroad in its definition of sexual conduct; and (5) fails to include the phrase "taken as a whole" with regard to the examination of a material's literary, artistic, political or scientific value. Each of these constitutional challenges were previously addressed and found meritless in *Cinema I Video v. Thornburg*, 83 N.C. App. 544, 351 S.E. 2d 305, *aff'd*, 320 N.C. 485, 358 S.E. 2d 383. In light of this Court's decision in that case, we hold that there was no error in the trial court's denial of defendant's motion to dismiss based on the unconstitutionality of the statute.

In conclusion, we hold that defendant received a fair trial, free of prejudicial error.

No error.

Judge PHILLIPS concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I dissent from the majority's holding that the trial court's erroneous jury instruction constituted harmless error under *Pope v. Illinois*, 481 U.S. ---, 95 L.Ed. 2d 439, 107 S.Ct. 1918 (1987). Under *Pope* an erroneous instruction as to the "value" prong of the obscenity test under *Miller v. California*, 413 U.S. 15, 37 L.Ed. 2d 419, 93 S.Ct. 2607 (1973) is harmless error if the "reviewing court concludes that *no rational* juror, if properly instructed, *could* find value" in the allegedly obscene materials. *Pope*, 481 U.S. at ---, 95 L.Ed. 2d at 447 (emphasis added). The "properly instructed" condition refers to, among other things, the juror's being instructed to employ the "reasonable person" standard also enunciated in *Pope*.

Without discussion or example, the majority merely states no rational juror could find value in these materials. I disagree. Neither the "reasonableness" nor the "rationality" of Drs. Nemeroff and Wade has been disputed. Their testimony that these materials "could" have scientific and educational value can only mean that, if these doctors were jurors in this case, *they* "could" find serious educational or scientific value in these materials. Despite the majority's implication, the doctors are certainly not required to "conclusively" establish these materials' serious value in order that one rational juror "could" reach the same value judgment reached by the doctors: such an interpretation turns the *Pope* standard on its head. The "no rational juror" basis for finding harmless error under *Pope* is refuted by demonstrating that even one hypothetical "rational" juror could find value in these materials when using the proper "reasonable person" standard.

I note that, in concurrence, Justice Scalia states it would "carry refinement to the point of meaninglessness to ask whether [a reasonable person] *could*" find value in a particular publication. 481 U.S. at ---, 96 L.Ed. 2d at 448 (Scalia, J., concurring) (emphasis in original). Yet, "could" is the key word adopted in the "no rational juror" standard of harmless error. Given Justice Scalia's criticism, I would further note that only four Justices expressly approved the actual "no rational juror" test applied by the majority of this panel to affirm the instant defendant's conviction.

Nevertheless, given this standard, the instant conviction should be reversed: While a properly instructed juror could find no value despite the doctors' testimony, that juror could just as rationally find the necessary value based on that testimony. In light of the "no rational juror" standard under *Pope* and the testimony of Drs. Nemeroff and Wade, I therefore cannot conclude that *no* rational juror could find in these materials the serious scientific, artistic, literary or political value required under *Miller*.

I fail to see how the majority can simply presume its value judgment accords with that of a "reasonable person" while a contrary judgment based upon the actual experience of two experts does not. Indeed, since the majority reaches its conclusion without discussion or example, its opinion is subject to the charge that the majority has merely imposed its own views rather than apply the "reasonable person" test. This is the very defect under *Pope* that I and the majority recognize in the trial court's instructions to this jury.

I refuse to compound the trial court's error and would remand this case for retrial based upon the trial court's failure to instruct in accord with *Pope*. As I would remand the case for retrial, I do not address the defendant's other assignments of error.