STATE OF NORTH CAROLINA v. HENRY WILLIS BROWN, JR. AND ALBERT GADSON

No. COA05-542

(Filed 18 April 2006)

**1. Appeal and Error— preservation of issues—failure to argue**

Defendants' assignments of error not argued on appeal are deemed abandoned under N.C. R. App. P. 28(b)(6).

**2. Witnesses— denial of motion to sequester—failure to show abuse of discretion**

The trial court did not abuse its discretion in a common law robbery and assault inflicting serious bodily injury case by denying defendants' motions to sequester the State's witnesses, because: (1) the trial court's ruling showed adequate deliberation

---

STATE v. BROWN

[177 N.C. App. 177 (2006)]

and weighing of the merits of the motion; and (2) where defendants failed to point to any instance in the record where a witness conformed his testimony to that of another witness, defendants failed to show an abuse of discretion.

**3. Discovery— voluntary witness list—failure to disclose witness prior to trial—voir dire—good faith**

The trial court did not err in a common law robbery and assault inflicting serious bodily injury case by allowing the victim's father to testify at trial when his name did not appear on the witness list disclosed by the State prior to trial, because: (1) the record does not disclose that either defendant made a motion requesting the trial court to order the State to provide a list of witnesses, and thus, the State was not required under N.C.G.S. § 15A-903(a)(3) to provide defendants with a list of the witnesses it intended to call during trial; (2) there was no indication from the record that either defendant made a request for voluntary discovery by the State, nor was there evidence of a written agreement between the State and either defendant to voluntarily comply with the provisions of Article 48; (3) absent a request or written agreement, the State's witness list is not deemed to have been made under an order of the trial court, and thus, such voluntary discovery would not need to be to the same extent as required by N.C.G.S. § 15A-902(a); (4) the trial court conducted a voir dire of the jury to determine whether any juror knew the witness personally or knew anything about him, and this voir dire disproved any bad faith on the part of the State in calling the witness; (5) defendants were not unfairly prejudiced by the witness's testimony which the jury was instructed to consider solely for the purpose of corroboration; and (6) the State made the requisite good faith showing and was permitted under N.C.G.S. § 15A-903(a)(3) to call the witness.

**4. Assault— inflicting serious bodily injury—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendants' motions to dismiss the charge of assault inflicting serious bodily injury, because: (1) there was sufficient evidence to submit the question to the jury concerning whether defendant Brown perpetrated an assault on the victim when at trial two witnesses testified that defendant participated in the assault; (2) although defendant contends there were inconsistencies in the victim's testimony and that initially another witness did not identify defendant in a pho-

tographic lineup, alleged contradictions or issues of credibility are for a jury to resolve and do not warrant dismissal; and (3) viewing the evidence in the light most favorable to the State, the evidence was sufficient to show the victim's injuries created a protracted condition that caused extreme pain to satisfy the element of serious bodily injury.

**5. Robbery— common law—intent—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of common law robbery even though defendant contends there was insufficient evidence of his intent to permanently deprive the victim or the victim's girlfriend of property or to convert it to defendant's own use, because: (1) a witness testified that both defendants took part in assaulting the victim, both took televisions and other electrical appliances from the apartment, loaded them into the trunk of their vehicle, and left the scene; (2) this evidence of a forceful taking was sufficient for the jury to infer defendant intended to deprive the victim and the victim's girlfriend of the property; and (3) although defendant contends there was some evidence tending to show he told the victim the property would be returned when the victim paid defendant, such discrepancy was for the jury to resolve.

**6. Assault— verdict sheet—"felonious" assault inflicting serious bodily injury**

The trial court did not err by submitting a verdict sheet to the jury that listed the assault charge as "felonious" assault inflicting serious bodily injury because, even assuming arguendo that it was error for the trial court to characterize the charge as felonious, upon examination of the record there was no reasonable possibility that the outcome would have differed absent this alleged error.

**7. Criminal Law— prosecutor's argument—convicting of lesser-included offense would be slap on wrist—motion for mistrial**

The trial court did not abuse its discretion in an assault inflicting serious bodily injury case by denying defendant's motion for a mistrial based on the State's alleged statements to the jury that the lesser-included assault inflicting serious injury was a misdemeanor and that convicting defendants of the lesser-included offense would be a slap on the wrist, because: (1)

STATE v. BROWN

[177 N.C. App. 177 (2006)]

the jury arguments are not contained in the record on appeal and thus are presumed to be proper; and (2) even assuming arguendo that defendant's characterization of the argument is proper, there was no abuse of discretion when the argument did not unfairly prejudice defendant.

**8. Evidence— exhibit—credibility of codefendant—limiting instruction—plain error analysis**

The trial court did not commit plain error in a common law robbery and assault inflicting serious bodily injury case by allowing the introduction of an exhibit pertaining to a real estate transaction between defendant Gadson and another man even though defendant Brown contends the taint attributed to his codefendant attached itself to his character and credibility as well, because: (1) the trial court instructed the jury that the exhibit and testimony were admitted against Gadson only and not to consider the evidence against defendant Brown; and (2) a jury is presumed to be able to comply with the trial court's instructions.

**9. Evidence— prior crimes or bad acts—federal probation—not impermissible details—motive**

The trial court did not err by allowing the State to ask defendant on cross-examination whether he denied involvement in the crimes for which he was on trial since he knew his commission of those crimes would violate his federal probation for a prior felony since the State's question did not concern impermissible details about defendant's prior felony conviction in violation of N.C.G.S. § 8C-1, Rule 609, and the question was permissible under N.C.G.S. § 8C-1, Rule 404(b) to show motive.

**10. Sentencing— consecutive sentences—abuse of discretion standard**

The trial court did not abuse its discretion in a common law robbery and assault inflicting serious bodily injury case by sentencing defendant to consecutive sentences, because: (1) defendant acknowledges the trial court's authority under N.C.G.S. § 15A-1354 to impose a sentence consecutively; and (2) this question is best left for the legislature to resolve.

Appeal by defendants from judgments dated 22 October 2004 by Judge W. Douglas Albright in Superior Court, Forsyth County. Heard in the Court of Appeals 23 January 2006.

STATE v. BROWN

[177 N.C. App. 177 (2006)]

*Attorney General Roy Cooper, by Assistant Attorney General Jeffrey R. Edwards, for the State.*

*White and Crumpler, by David B. Freedman, for defendant-appellant Henry Willis Brown, Jr.*

*Moser Schmidly & Roose, by Richard G. Roose, for defendant-appellant Albert Gadson.*

McGEE, Judge.

Henry Willis Brown, Jr. (Brown) and Albert Gadson (Gadson) (collectively defendants) were convicted of common law robbery and assault inflicting serious bodily injury. Brown was sentenced to a minimum of 15 months and maximum of 18 months on the common law robbery conviction, and a minimum of 19 months and maximum of 23 months on the assault conviction. Gadson also pleaded guilty to the status of habitual felon and was sentenced to a minimum of 120 months and maximum of 153 months.

The State's evidence at trial tended to show that in November 2002, Steven Allen Hall (Hall) was introduced to defendants by a friend, Stanley Blair (Blair). Defendants introduced themselves as brothers. Hall and Blair agreed to do some roofing work on Brown's home. Before Hall and Blair began work on the roof, they met defendants at Home Depot to purchase lumber. Hall testified that Brown paid for the lumber and gave Hall and Blair a check to cover partial payment of the roofing work and to cover the cost of shingles that Hall was to purchase later. Gadson spent eight hours one day helping Hall and Blair with the roofing job. Hall and Blair paid Gadson forty dollars for his help and owed him another forty dollars.

On the afternoon of 21 November 2002, defendants went to the apartment Hall shared with his girlfriend and demanded the forty dollars owed to Gadson. Defendants told Hall they were going to find Blair and collect the forty dollars. Brown told Hall they were "going to get that money because they'd been known to f— people up before." Defendants left Hall's apartment, and Hall called the police because he felt "threatened."

The next day, defendants returned to Hall's apartment and ordered Hall to go with them to find Blair. Hall attempted to call 911, but Brown yanked the phone cord out of the wall. Gadson hit Hall in the mouth, knocking out one of Hall's teeth. Defendants grabbed Hall in order to take him out to their vehicle, but Hall fell to the ground,

and defendants stomped on his head. Defendants went back inside Hall's apartment, and Hall followed. Gadson again hit Hall in the mouth, and Brown threw a coffee table at Hall. Hall's neighbor, Joel Chapman (Chapman), testified that he saw defendants take two television sets from Hall's apartment and saw defendants load the televisions into the trunk of their vehicle.

Dr. Mark Hess (Dr. Hess) testified that Hall suffered multiple facial fractures around his eye and multiple lacerations. He also testified that Hall had lost a lower tooth. Hall's vision in his injured eye was 20/100 after the assault and his vision was still affected at the time of trial two years later.

[1] On appeal, Brown argues eight assignments of error, and Gadson argues four assignments of error. Defendants' assignments of error not argued on appeal are deemed abandoned. N.C.R. App. P. 28(b)(6).

I.

[2] Defendants argue the trial court erred in denying their motions to sequester the State's witnesses. Brown filed a pretrial motion to sequester, and Gadson made an oral motion at trial. The trial court denied the motions, stating:

> Well, the last couple of times I've tried to sequester witnesses, frankly stated, it's been a miserable experience. . . . There's no central place where I can put witnesses. It inevitably becomes a time-consuming process. And when I weigh what, if any, gain might be had by keeping the witnesses out versus keeping them in, in the exercise of my discretion I'm going to deny that motion.

"A ruling on a motion to sequester witnesses rests within the sound discretion of the trial court[.]" *State v. Call*, 349 N.C. 382, 400, 508 S.E.2d 496, 507-08 (1998). A trial court's denial of a motion to sequester will not be disturbed "in the absence of a showing that the ruling was so arbitrary that it could not have been the result of a reasoned decision." *Id.* Citing *State v. Fullwood*, 323 N.C. 371, 373 S.E.2d 518 (1988), *vacated and remanded on other grounds*, 494 U.S. 1022, 108 L. Ed. 2d 602 (1990), defendants argue that the trial court failed to consider the merits of the motion to sequester. However, we find the trial court's ruling shows adequate deliberation and weighing of the merits of the motion. Moreover, in *State v. Anthony*, 354 N.C. 372, 396, 555 S.E.2d 557, 575 (2001), *cert. denied*, 536 U.S. 930, 153 L. Ed. 2d 791 (2002), our Supreme Court held that where a defendant failed to point to any instance in the record where a witness con-

formed his or her testimony to that of another witness, the defendant failed to show an abuse of discretion in the trial court's denial of a motion to sequester witnesses. In the present case, neither defendant identified any instance of a witness conforming testimony to that of another witness. Accordingly, we find no error.

## II.

**[3]** Defendants argue the trial court erred in allowing Hall's father, Clarence Hall, to testify at trial when Clarence Hall's name did not appear on the witness list disclosed by the State prior to trial. For the reasons below, we find no error.

Gadson argues the State was required, under N.C. Gen. Stat. § 15A-903(a)(3), to provide a written list of the names of all witnesses the State reasonably expected to call at trial. N.C. Gen. Stat. § 15A-903 provides:

(a) *Upon motion of the defendant*, the court must order the State to:

. . . .

(3) Give the defendant, at the beginning of jury selection, a written list of the names of all other witnesses whom the State reasonably expects to call during the trial. . . . If there are witnesses that the State did not reasonably expect to call at the time of the provision of the witness list, and as a result are not listed, the court upon a good faith showing shall allow the witnesses to be called. Additionally, in the interest of justice, the court may in its discretion permit any undisclosed witness to testify.

(emphasis added). The record does not reveal that either defendant made a motion requesting the trial court to order the State to provide a list of witnesses. Therefore, the State was not required by N.C.G.S. § 15A-903(a)(3) to provide defendants with a list of the witnesses it intended to call during trial. Gadson's assignment of error is overruled.

Brown concedes the State was not required to provide defendants with a witness list under N.C.G.S. § 15A-903(a)(3). Instead, he argues that because the State volunteered to provide defendants with a witness list, the State's voluntary list should have complied with N.C. Gen. Stat. § 15A-903(b) and should have provided the names of all witnesses the State expected to call. N.C. Gen. Stat. § 15A-903(b) (2005) provides that "[i]f the State voluntarily provides disclosure

under N.C.G.S. § 15A-902(a), the disclosure shall be to the same extent as required by subsection (a) of this section." N.C. Gen. Stat. § 15A-902 provides in pertinent part:

> (a) A party seeking discovery under [Article 48] must, before filing any motion before a judge, request in writing that the other party comply voluntarily with the discovery request. A written request is not required if the parties agree in writing to voluntarily comply with the provisions of [this Article]. . . .
>
> (b) To the extent that discovery authorized in this Article is voluntarily made in response to a request or written agreement, the discovery is deemed to have been made under an order of the court for the purposes of this Article.

N.C. Gen. Stat. § 15A-902(a)(b) (2005).

Brown cites *State v. Smith*, 291 N.C. 505, 231 S.E.2d 663 (1977), in which our Supreme Court held that where the State provides a list of witnesses pursuant to a court order, and the State subsequently seeks to call a witness not on the list, the trial court must "look to see whether the district attorney acted in bad faith, and whether the defendant was prejudiced thereby." *Id.* at 523, 231 S.E.2d at 675 (internal citations omitted). Brown argues the standard set forth in *Smith* should be "equally applicable in the case of a voluntary disclosure as court ordered disclosure." In noting the distinction between court-ordered discovery and voluntary discovery, Brown presages our analysis. Unlike the facts of *Smith*, in the present case, there is no indication from the record that either defendant made a request for voluntary discovery by the State. Nor is there any evidence in the record of a written agreement between the State and either defendant to voluntarily comply with the provisions of Article 48. Reading the plain language of N.C.G.S. § 15A-902(b), it seems that absent a request or written agreement, the State's witness list is not deemed to have been made under an order of the trial court. *See* N.C.G.S. § 15A-902(b) ("To the extent that discovery authorized in this Article is voluntarily made *in response to a request or written agreement*, the discovery is deemed to have been made under an order of the court for the purposes of this Article.") (emphasis added). If not deemed to have been made under a court order, such voluntary discovery would seem not to need to be "to the same extent as required by [N.C.G.S. § 15A-902(a)]." N.C.G.S. § 15A-903(b).

However, we note that North Carolina cases since *Smith* have used the *Smith* standard in cases where discovery was not court-

ordered. In *State v. Myers*, 299 N.C. 671, 263 S.E.2d 768 (1980), the defendant made an oral request during jury selection that the State orally list the names of all witnesses the State planned to call to testify. *Id.* at 675, 263 S.E.2d at 771. When the State complied with the oral request, but then later sought to call witnesses not named during jury selection, our Supreme Court analyzed the case pursuant to *Smith.* The Court held that the trial court's *voir dire* examination of the jury satisfied the requirements of *Smith*: "The voir dire established that the jurors did not know either of the witnesses the State had failed to name during jury selection. Such inquiry negated the possibility that the State was surreptitiously attempting to place before the jury witnesses who were friendly or influential with the jurors." *Myers*, 299 N.C. at 676, 263 S.E.2d at 772. In *State v. Mitchell*, 62 N.C. App. 21, 302 S.E.2d 265 (1983), this Court applied the *Smith* standard absent any evidence that the defendant had requested or received a list of witnesses from the State. The defendant in *Mitchell* appealed the admission of testimony by a witness whose name had not been disclosed by the State prior to jury selection. *Id.* at 27, 302 S.E.2d at 269. The trial court conducted a *voir dire* of the jury, was satisfied that none of the jurors knew the witness, and allowed the witness to testify. *Id.* On review, our Court noted that there was no indication from the record whether the State had voluntarily provided a list of witnesses to the defendant. *Id.* Applying the *Smith* standard, our Court found an insufficient showing of bad faith or prejudice, and upheld the trial court's decision. *Id.*

In the present case, the trial court conducted a *voir dire* of the jury to determine whether any juror knew Clarence Hall personally or knew anything about him. None of the jurors was familiar with Clarence Hall. Accordingly, under *Myers* and *Mitchell*, we find this *voir dire* disproved any bad faith on the part of the State in calling Clarence Hall as a witness. Moreover, defendant was not unfairly prejudiced by Clarence Hall's testimony, which the jury was instructed to consider solely for the purpose of corroboration. *See State v. Harden*, 42 N.C. App. 677, 682, 257 S.E.2d 635, 639 (1979) (finding no unfair prejudice where exhibits not provided to the defendant served only to corroborate the testimony of witnesses).

Additionally, N.C.G.S. § 15A-903(a)(3) empowers the trial court "upon a good faith showing" to allow the State to call a witness whom the State "did not reasonably expect to call at the time of the provision of the witness list." In the present case, the State informed the trial court that prior to being approached by Clarence Hall the morn-

ing of trial, the State was not aware of Clarence Hall, or that he had observed his son's injuries. The trial court conducted a *voir dire* of Clarence Hall, who testified that he had not previously spoken with the State about the case. Following the *voir dire* of Clarence Hall and of the jury, the trial court, in its discretion, permitted Clarence Hall's testimony, which the trial court "strictly limited to corroboration." We hold that the trial court made the requisite good faith showing and was permitted under N.C.G.S. § 15A-903(a)(3) to allow the State to call Clarence Hall. This assignment of error is overruled.

## III.

Defendants argue the trial court erred in denying their motions to dismiss the charges against them for lack of sufficient evidence. Brown challenges the sufficiency of the evidence as to both charges; Gadson argues only as to the charge of assault inflicting serious bodily injury.

In ruling on a motion to dismiss, a trial court must determine " 'whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.' " *State v. Williams*, 150 N.C. App. 497, 501, 563 S.E.2d 616, 618 (2002) (quoting *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996)). Substantial evidence is any evidence that a reasonable juror would consider sufficient to support a conclusion that each essential element of the crime exists. *State v. Baldwin*, 141 N.C. App. 596, 604, 540 S.E.2d 815, 821 (2000). A trial court must consider the evidence in the light most favorable to the State and give the State every reasonable inference to be drawn therefrom. *Williams*, 150 N.C. App. at 501, 563 S.E.2d at 619.

[4] Defendants were charged with assault inflicting serious bodily injury pursuant to N.C. Gen. Stat. § 14-32.4, which provides in pertinent part:

(a) Unless the conduct is covered under some other provision of law providing greater punishment, any person who assaults another person and inflicts serious bodily injury is guilty of a Class F felony. "Serious bodily injury" is defined as bodily injury that creates a substantial risk of death, or that causes serious permanent disfigurement, coma, a permanent or protracted condition that causes extreme pain, or permanent or protracted loss or impairment of the function of any bodily member or organ, or that results in prolonged hospitalization.

N.C. Gen. Stat. § 14-32.4(a) (2005). The offense "requires proof of two elements: (1) the commission of an assault on another, which (2) inflicts serious bodily injury." *State v. Hannah*, 149 N.C. App. 713, 717, 563 S.E.2d 1, 4, *disc. review denied*, 355 N.C. 754, 566 S.E.2d 81 (2002).

Brown argues there was insufficient evidence as to the first element, that he perpetrated an assault on Hall. We disagree and find there was sufficient evidence to submit the question to the jury. At trial, both Hall and Chapman testified that Brown participated in the assault. Brown argues there were inconsistencies in Hall's testimony and that initially, Chapman did not identify Brown in a photographic lineup. These arguments, however, do not address the sufficiency of the evidence. Alleged contradictions or issues of credibility are for a jury to resolve and do not warrant dismissal. *State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980).

Both defendants argue the State failed to present substantial evidence of the element of serious bodily injury. The statute defines serious bodily injury in three ways: (1) bodily injury that creates a substantial risk of death, or (2) bodily injury that causes serious permanent disfigurement, coma, a permanent or protracted condition that causes extreme pain, or permanent or protracted loss or impairment of the function of any bodily member or organ, or (3) bodily injury that results in prolonged hospitalization. N.C.G.S. § 14-32.4. Serious bodily injury as defined in N.C.G.S. § 14-32.4 requires proof of more severe injury than the serious injury element in other assault offenses. *Williams*, 150 N.C. App. at 503, 563 S.E.2d at 619-20.

In the present case, as to Gadson, the trial court's instruction to the jury on the element of serious bodily injury was identical to the statutory definition. As to Brown, however, the trial court did not instruct the jury on the entire statutory definition of serious bodily injury. The trial court omitted the word "impairment" from the instruction regarding Brown. Since a defendant may not be convicted of an offense on a theory different from that presented to a jury, our Court must determine whether the State presented substantial evidence of each element of assault inflicting serious bodily injury based on the definition of the offense given to the jury in the trial court's instructions. *Williams*, 150 N.C. App. at 503, 563 S.E.2d at 620.

In *Williams*, our Court addressed the sufficiency of evidence of serious bodily injury where a jury instruction limited the definition of serious bodily injury to " 'an injury that creates or causes a perma-

nent or protracted condition that causes extreme pain.' " *Williams*, 150 N.C. App. at 503, 563 S.E.2d at 620. In that case, the State presented evidence that the victim suffered a broken jaw that was wired shut for two months, and suffered back spasms for eight months, which resulted in two visits to the emergency room because of difficulty breathing. *Id.* The treating physician testified the victim's injury was the type of injury that caused " 'quite a bit' of pain and discomfort." *Id.* at 503-04, 563 S.E.2d at 620. Our Court concluded that "a reasonable juror could find this evidence sufficient to conclude that [the victim's] injuries created a 'protracted condition that cause[d] extreme pain.' " *Id.* at 504, 563 S.E.2d at 620.

In the present case, Hall testified his facial injuries were "very" painful, he suffered pain in his mouth for "about a month," and his right eye "felt like it fell out of [his] head." Hall's father testified that Hall complained of pain for "about ten months." Dr. Hess testified that Hall suffered multiple facial fractures and multiple lacerations, and characterized Hall's injuries as the type of injuries that caused "severe" and "extreme" pain. Viewing this evidence in the light most favorable to the State, we find there was sufficient evidence that Hall's injuries created a "protracted condition that cause[d] extreme pain." N.C.G.S. § 14-32.4(a). Since the jury was instructed as to this part of the definition of serious bodily injury for both Gadson and Brown, we hold the State presented sufficient evidence of this element as to both defendants.

**[5]** Brown also challenges the sufficiency of the evidence on the charge of common law robbery. He argues there was insufficient evidence of Brown's intent to permanently deprive Hall or Hall's girlfriend of property, or to convert it to Brown's own use. We find no merit in this argument. It is well-established that "[i]ntent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred." *State v. Bell*, 285 N.C. 746, 750, 208 S.E.2d 506, 508 (1974). Chapman testified that both Gadson and Brown took part in assaulting Hall, and that both defendants took televisions and other electrical appliances from the apartment, loaded them into the trunk of their vehicle, and left the scene. This evidence of a forceful taking is sufficient evidence from which the jury could infer Brown intended to deprive Hall and Hall's girlfriend of the property. Although Brown claims there was some evidence tending to show he told Hall the property would be returned when Hall paid Brown, such discrepancy was for the jury to resolve. *See Smith*, 300 N.C. at 78, 265 S.E.2d at 169.

We find no error in the trial court's denial of defendants' motions to dismiss. This assignment of error is overruled as to both defendants.

## IV.

[6] Defendants argue the trial court erred in submitting a verdict sheet to the jury that listed the assault charge as "felonious" assault inflicting serious bodily injury. Defendants contend that the inclusion of the word "felonious" improperly allowed the jury to consider the severity of the potential sentence. Defendants argue the error unfairly prejudiced them because, absent this error, there was a reasonable possibility that the jury result would have been different. We find no merit to this argument.

Defendants correctly state that "the function of the jury during the guilt phase is to determine the guilt or innocence of the defendant, not to be concerned about [the defendant's] penalty[.]" *State v. Artis*, 325 N.C. 278, 295, 384 S.E.2d 470, 479 (1989), *sentence vacated on other grounds*, 494 U.S. 1023, 108 L. Ed. 2d 604 (1990). However, even assuming *arguendo* that it was error for the trial court to characterize the charge as "felonious," upon examination of the record, we conclude there is no reasonable possibility that the outcome would have differed had the jury verdict sheet not included the word "felonious."

## V.

[7] Brown argues the trial court committed reversible error when it denied his motion for a mistrial after closing arguments. At trial, Brown objected to the State's statements to the jury that the lesser-included assault inflicting serious injury was a "misdemeanor," and that convicting defendants of the lesser-included offense would be "a slap on the wrist."

"It is within the trial court's discretion to determine whether to grant a mistrial, and the trial court's decision is to be given great deference because the trial court is in the best position to determine whether the degree of influence on the jury was irreparable." *State v. Hill*, 347 N.C. 275, 297, 493 S.E.2d 264, 276 (1997), *cert. denied*, 523 U.S. 1142, 140 L. Ed. 2d 1099 (1988). Absent a showing of gross abuse of a trial court's discretion, the trial court's ruling will not be disturbed on appeal. *State v. Roland*, 88 N.C. App. 19, 26, 362 S.E.2d 800, 805 (1987), *disc. review denied*, 321 N.C. 478, 364 S.E.2d 666 (1988).

Ordinarily, when the State's jury argument is challenged as improper, the argument of both counsel should be included in the record on appeal. *State v. Quilliams*, 55 N.C. App. 349, 352, 285 S.E.2d 617, 620, *cert. denied*, 305 N.C. 590, 292 S.E.2d 11 (1982). When arguments are not contained in the record, the arguments are presumed to be proper. *Id.* Brown explains that closing arguments are not included in the record on appeal because the arguments were not recorded at trial. Therefore, we have only the colloquy regarding Brown's objection and motion for mistrial in the record for our review. Without the transcript of the State's argument, we cannot be certain of the accuracy of Brown's characterization of the State's argument. However, even assuming *arguendo* that Brown's characterization is proper, we find no abuse of discretion.

The contested argument did not unfairly prejudice Brown. As discussed in Part III of this opinion, there was sufficient evidence to support the charge of assault inflicting serious bodily injury. The trial court, in its discretion, did not find the contested statements in the State's argument to constitute an impropriety sufficient for a mistrial. Given the degree of deference afforded a trial court's decision on a motion for a mistrial, we are not persuaded that the trial court's denial of Brown's motion amounted to an abuse of discretion.

## VI.

[8] Brown next argues the trial court erred in allowing the introduction of an exhibit pertaining to a real estate transaction between Gadson and Blair. The State called Blair as a witness and questioned him about a proposed real estate sale between Blair and Gadson. Blair testified that Gadson offered to sell Blair some real property, but Gadson did not in fact own the property. The State then moved to introduce Exhibit 27, a bill for a survey of the property Gadson claimed to own. Over Gadson's objection, the trial court admitted Exhibit 27, stating: "I'll let it in as to Gadson only, to explain the relationship between the parties. Do not consider that land deal against Defendant Brown, members of the jury."

We first note that Brown failed to object to either the exhibit or the related testimony at trial. Therefore, Brown must show that any error by the trial court amounted to plain error, an error "so fundamental that it undermine[d] the fairness of the trial, or . . . had a probable impact on the guilty verdict." *State v. Floyd*, 148 N.C. App. 290, 295, 558 S.E.2d 237, 240 (2002). We also note the exhibit and testimony were admitted against Gadson only, and the trial court in-

structed the jury not to consider the evidence against Brown. Brown argues on appeal that "the taint attributed to Mr. Gadson's character through the improper questioning firmly attached itself to Mr. Brown's character and credibility." We are not persuaded.

"[O]ur legal system through trial by jury operates on the assumption that a jury is composed of men and women of sufficient intelligence to comply with the court's instructions and they are presumed to have done so." *State v. Glover*, 77 N.C. App. 418, 421, 335 S.E.2d 86, 88 (1985); *State v. Richardson*, 346 N.C. 520, 534, 488 S.E.2d 148, 156 (1997), *cert. denied*, 522 U.S. 1056, 139 L. Ed. 2d 652 (1998). In light of the fact that the evidence pertained only to Gadson, and the trial court's limiting instruction to the jury, Brown has not shown that any alleged error was so fundamental as to amount to plain error. This assignment of error is overruled.

## VII.

**[9]** Brown next argues the trial court erred in overruling his objection to a question posed by the State to Brown during cross-examination. The questioning at issue was as follows:

Q. What felony have you been convicted of in the last ten years for which you could have received a penalty of more than 60 days, Mr. Brown?

A. Social Security fraud, for faulty paperwork.

. . . .

Q. And that's something you're on probation for right now. Correct?

. . . .

A. Yes, sir. It was up in April, I think.

Q. And the reason you're denying any involvement in even going over to Mr. Hall's house is because you know it would violate this federal probation, don't you?

MR. JORDAN: Objection.

THE COURT: Overruled.

. . . .

Q. My question to you, Mr.. Brown, is the reason why you don't want to admit any involvement in this thing is because you know you're going to have to do this federal time as a result of it. Correct?

On appeal, Brown concedes the State's initial questions about Brown's felony conviction were permissible under N.C. Gen. Stat. § 8C-1, Rule 609, which permits evidence that a witness has been convicted of a felony, for purposes of impeachment. N.C. Gen. Stat. § 8C-1, Rule 609 (2005). Brown argues the State's follow-up question about Brown's motivation for denying involvement went beyond the permissible scope of Rule 609, which limits details of a prior conviction to "name of the crime, the time and place of the conviction, and the punishment imposed." *State v. Lynch*, 334 N.C. 402, 409, 432 S.E.2d 349, 352 (1993). Brown's reliance on Rule 609 is misplaced. The State's question about Brown's denial of involvement did not concern any impermissible details about Brown's prior felony conviction. Rather, the State sought to elicit that Brown had a motive for untruthfulness when he denied involvement in the crime. The State concedes the question could be considered a question concerning a prior bad act, but contends the question was permissible under Rule 404(b), in that it was admitted for the purpose of showing motive. We agree. Under N.C. Gen. Stat. § 8C-1, Rule 404(b) (2005), evidence of prior bad acts or crimes is admissible for purposes other than to prove a witness's conformity with the prior act. Such evidence is admissible to show, *inter alia*, the witness's motive. *Id.* Accordingly, this assignment of error is overruled.

## VIII.

**[10]** Brown argues the trial court abused its discretion by sentencing him to consecutive sentences upon conviction of the two offenses. Brown acknowledges the trial court's authority, under N.C. Gen. Stat. § 15A-1354, to impose a sentence consecutively, but urges this Court to reconsider its rulings upholding the trial court's statutory authority. We decline. We reiterate our response to a similar argument promulgated by the defendant in *State v. Love*, 131 N.C. App. 350, 507 S.E.2d 577 (1998), *aff'd*, 350 N.C. 586, 516 S.E.2d 382, *cert. denied*, 350 N.C. 586, 539 S.E.2d 653 (1999). In *Love*, our Court addressed the question of a trial court's discretion under N.C.G.S. § 15A-1354, and we reiterate our response in *Love*: "This is, at best, a question for the legislature to resolve, but for our purposes it is an argument without merit on appeal." *Id.* at 359, 507 S.E.2d at 584.

**IN RE H.S.F.**

[177 N.C. App. 193 (2006)]

No prejudicial error.

Chief Judge MARTIN and Judge STEELMAN concur.