STATE OF NORTH CAROLINA v. MARCUS DEVIN RIFFE

No. COA07-1130

(Filed 17 June 2008)

**1. Sexual Offenses— exploitation of minor—computer images—knowledge of character or content of files**

The evidence that defendant had knowledge of the character or content of material on his computer was sufficient to deny his motion to dismiss a charge of third-degree sexual exploitation of a minor, even if the statute required knowledge of both the character and content of the material.

**2. Sexual Offenses— exploitation—images on a computer—possession**

The evidence that defendant was in possession of child pornography on a computer was sufficient in a prosecution for third-degree sexual exploitation of a minor.

STATE v. RIFFE

[191 N.C. App. 86 (2008)]

**3. Sexual Offenses— amendment of indictment—sexual exploitation of minor—date of offense**

The trial court did not err by allowing the State to amend indictments for third-degree sexual exploitation of a minor to change the date of each count where time was not an essential element of the crime and defendant did not present an alibi defense.

**4. Evidence— child pornography—video clips shown to jury— no abuse of discretion**

The trial court did not abuse its discretion in a prosecution for third-degree sexual exploitation of a minor by allowing the State to show the jury twelve video clips of children engaged in sexual activity. Defendant had stipulated that the computer contained images of sexual activity, but a stipulation does not preclude the State from proving all of the essential elements of its case, and a non-duplicative, brief presentation of the evidence was appropriate as it served as the basis for the charges.

Appeal by defendant from judgments entered 30 March 2007 by Judge Richard W. Stone in Randolph County Superior Court. Heard in the Court of Appeals 5 March 2008.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Catherine F. Jordan, for the State.*

*Jonathan L. Megerian for defendant-appellant.*

HUNTER, Judge.

Marcus Devin Riffe ("defendant") appeals from judgments entered on 30 March 2007 pursuant to a jury verdict finding him guilty of twelve counts of third degree sexual exploitation of a minor in violation of N.C. Gen. Stat. § 14-190.17A (2007). Defendant was sentenced to six consecutive suspended sentences of a minimum of five months' imprisonment and a maximum of six months' imprisonment. Defendant was also sentenced to a supervised probationary term of thirty-six months. After careful consideration, we find that defendant's trial was free from error.

On 11 February 2004, Deputy Joe H. Cline and Lieutenant Keith Owenby served a search warrant for a matter unrelated to the current charges, on defendant's place of business. The only person present when the search warrant was executed was Everette

Franklin Brown. Because Mr. Brown was the only individual present, the officers read the warrant to him. There was evidence presented that Mr. Brown may have actually resided in defendant's place of business in a separate room. Upon serving the warrant, Deputy Cline walked inside defendant's place of business to an office area, where a Compaq Presario desktop computer registered to defendant was located on a desk ("defendant's computer").

In and around the desk, Deputy Cline found: A receipt signed by defendant, a payment receipt that stated defendant's name and address, a deposit slip dated 2 February 2004 from Bank of America and signed by defendant, defendant's parents' bank book, and a Wachovia Bank deposit slip "in the name of Marcus D. Riffe." Next to the desk, Deputy Cline also found an open box of pornographic magazines. Lieutenant Owenby seized defendant's computer.

After obtaining a search warrant to inspect defendant's computer, police found twelve files with names indicating that the files contained child pornography; these names are set out below. Additionally, approximately 200 files were found with titles that implied that they contained either adult or child pornography and 100 similar files that had been deleted from his "My Shared" folder. In defendant's "Stars Folder," another 150 files had titles that indicated that they contained child pornography.

On 16 June 2005, Deputy Cline served arrest warrants on defendant for twelve counts of third degree sexual exploitation of a minor. Defendant stated that "he did look at porn on the computer" in question. Defendant did not present any evidence at trial.

Defendant presents the following issues for this Court's review: (1) whether the trial court erred in denying defendant's motion to dismiss the charges for insufficient evidence; (2) whether the trial court erred by permitting the State to amend indictments after trial had begun; and (3) whether the trial court erred in admitting video evidence of child pornography after defendant stipulated that the evidence in question constituted pornography.

I.

[1] Defendant first argues that the trial court erred in failing to grant his motion to dismiss the charges of third degree sexual exploitation of a minor on the grounds that the State presented insufficient evidence as to the charges. We disagree.

STATE v. RIFFE

[191 N.C. App. 86 (2008)]

This Court reviews a motion to dismiss for insufficient evidence to determine whether "there is substantial evidence [] of each essential element of the offense charged[.]" *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "The trial court is *not* required to determine that the evidence excludes every reasonable hypothesis of innocence prior to denying a defendant's motion to dismiss." *Powell*, 299 N.C. at 101, 261 S.E.2d at 118. All evidence "is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom; contradictions and discrepancies are for the jury to resolve and do not warrant dismissal[.]" *Id.* at 99, 261 S.E.2d at 117.

"A person commits the offense of third degree sexual exploitation of a minor if, knowing the character or content of the material, he possesses material that contains a visual representation of a minor engaging in sexual activity." N.C. Gen. Stat. § 14-190.17A(a).[1] The elements of the offense are: "(1) knowledge of the character or content of the material, and (2) possession of material that contains a visual representation of a minor engaging in sexual activity." *State v. Dexter*, 186 N.C. App. 587, 594-95, 651 S.E.2d 900, 905-06 (2007). This Court in *Dexter* also rejected defendant's argument that in order to sustain a conviction under the statute, the State must establish that a

---

1. The term "material" is defined as: "Pictures, drawings, video recordings, films or other visual depictions or representations but not material consisting entirely of written words." N.C. Gen. Stat. § 14-190.13(2) (2007). "Sexual activity" includes any of the following:

a. Masturbation, whether done alone or with another human or an animal.

b. Vaginal, anal, or oral intercourse, whether done with another human or with an animal.

c. Touching, in an act of apparent sexual stimulation or sexual abuse, of the clothed or unclothed genitals, pubic area, or buttocks of another person or the clothed or unclothed breasts of a human female.

d. An act or condition that depicts torture, physical restraint by being fettered or bound, or flagellation of or by a person clad in undergarments or in revealing or bizarre costume.

e. Excretory functions; provided, however, that this sub-subdivision shall not apply to G.S. 14-190.17A.

f. The insertion of any part of a person's body, other than the male sexual organ, or of any object into another person's anus or vagina, except when done as part of a recognized medical procedure.

N.C. Gen. Stat. § 14-190.13(5).

defendant " 'knowing[ly] possess[ed]' " the material in question. *Id.* at 592, 651 S.E.2d at 905.

Defendant concedes that the computer in question contained visual representations of minors engaging in sexual activity on its hard drive. We thus limit our discussion to whether the State presented substantial evidence as to whether defendant had knowledge of the character or content of the material and whether defendant was in possession of such material.

## A.

The issue of whether defendant had knowledge of the character or content of the material under this statute has not been addressed by our appellate courts. This Court has, however, addressed whether defendants have knowledge of the character *and* content of obscene material for the purpose of dissemination of obscenity in violation of N.C. Gen. Stat. § 14-190.1 (2007). *See State v. Roland*, 88 N.C. App. 19, 362 S.E.2d 800 (1987). Under the obscenity statute, a defendant may be convicted only upon "knowledge of the character or nature of the materials, [*and*] also knowledge of their content." *Id.* at 28, 362 S.E.2d at 806 (emphasis added). The statute in the present case, however, is stated in the disjunctive; that is, the knowledge requirement will be satisfied where defendant had knowledge of the materials' character *or* their content. Accordingly, the obscenity statute is only some guide to interpretation of the knowledge requirement in N.C. Gen. Stat. § 14-190.17A(a).

In *Roland*, this Court held that the State had presented sufficient evidence as to the defendant's knowledge of the obscene materials *and* content because: (1) the defendant had been seen by a testifying police officer at the bookstore which distributed the obscene materials on two prior occasions; (2) "the box containing the film and the covers of the magazines were illustrated with pictures[,]" with corresponding testimony from an officer that "these pictures were indicative of the contents of the film and magazines[;]" and (3) "the jury had the opportunity to examine the film and magazines themselves to determine whether the box and covers reflected the materials' contents, as proof that defendant had knowledge of such." *Roland*, 88 N.C. App. at 29, 362 S.E.2d at 806.

In the instant case, Deputy Cline testified that defendant operated a business out of the warehouse where the computer was found.

As defendant concedes, the computer in question did contain images of a minor engaging in sexual activity. Although there were no graphic illustrations on the electronic folder containing the child pornography, State Bureau of Investigation Special Agent Cullop testified that he found twelve files saved to the computer with names indicating that they contained child pornography. Specifically, some of the files were saved as "Child Porn, Very Illegal," "Pedo Childlover underscore little, underscore collection, underscore video, underscore 0147.mpg," "04 Y O eaten by dad.mpg.," "Child Porn Kiddie Underage Illegal Natalia," and "Thirteen Till Child Porn, Exclamation, Exclamation, Exclamation, and then in parentheses, Illegal Preteen Underage Lolita Kiddy." The written descriptions of these files, like the visual descriptions of the videos and print media in *Roland*, were also indicative of the character and contents of the files. *See also State v. Watson,* 88 N.C. App. 624, 631, 364 S.E.2d 683, 687 (1988) (noting that using a written description to catagorize obscene material was evidence of a defendant's knowledge of the character and content of the material); *State v. Johnston,* 123 N.C. App. 292, 299, 473 S.E.2d 25, 30 (1996) (same). Indeed, Guilford County Department of Information and Services computer forensic analysis Scott Redmon testified that child pornography had been found on the hard drive. Finally, the jury in this case, like the one in *Roland*, was allowed to review all twelve of the computer files to determine whether the file names reflected the materials' content.

Thus, under *Roland*, the State has presented evidence sufficient to submit the charge to the jury even if the statute in question required knowledge of both the character and content of the material.[2] Accordingly, it cannot be said that the State failed to present sufficient evidence from which the jury could infer that defendant possessed knowledge as to the character or nature of the material or its content. Defendant's arguments to the contrary are therefore rejected.

---

2. We recognize that this Court has refused to apply case law under the obscenity statute, N.C. Gen. Stat. § 14-190.1(a), in interpreting N.C. Gen. Stat. § 14-190.17A(a). *State v. Howell,* 169 N.C. App. 58, 63-64, 609 S.E.2d 417, 420-21 (2005). In *Howell*, however, the issue was one of multiplicitous charges, not one regarding knowledge of the character or content of the material. Accordingly, we are not bound by the *Howell* Court's refusal to use case law stemming from the obscenity statute, as the issues in the instant case are distinct from those in *Howell*. *See In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("[w]here a panel of the Court of Appeals *has decided the same issue*, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court") (emphasis added).

B.

[2] Defendant next argues that the State failed to present sufficient evidence that he was in possession of the material. We disagree.

At the outset, defendant argues that he did not "knowingly possess" the materials. Knowing possession is not an element of the statute. *Dexter*, 186 N.C. App. at 595, 651 S.E.2d at 905. The absence of such an element is likely based on the state legislature's concern that a defendant could avoid criminal liability by downloading content barred by the statute, view it, and then attempt to delete the file. Whether defendant is able to actually erase the file would become irrelevant, as the defendant could then argue that he or she did not have " 'knowing possession' " of the illegal content. Putting aside defendant's misstatement of the law, this Court must determine whether defendant was in possession of the material. *Id.*

A defendant is in possession of child pornography when he or she has "the power and intent to control the disposition of the images." *Id.* at 595-96, 651 S.E.2d at 906. Sufficient evidence of possession has been found where each image had been opened and saved on a defendant's hard drive, regardless as to which directory they were found in. *State v. Howell*, 169 N.C. App. at 64, 609 S.E.2d at 421. Accordingly, we must determine whether the State presented evidence that the computer in question was defendant's and whether the images had been opened and saved on that computer.

As to whether defendant owned the computer in question, the State presented evidence tending to show that it was found at defendant's place of business. The computer was also registered to defendant. In addition to this evidence, the State also presented evidence that a receipt signed by defendant, a payment receipt which included defendant's name and address, and two deposit slips—one bearing defendant's signature, the other his name—were found in and around the desk where the computer was located. Under such circumstances, the State clearly presented sufficient evidence for the jury to determine if the computer in question was in fact defendant's.

As to whether the files in question were saved on defendant's hard drive and had been opened, the State presented evidence that all the files were saved on the hard drive and were last opened on 11 February 2004, the day the computer was seized by police. Accordingly, the State has presented sufficient evidence as to possession. Defendant's assignment of error as to this issue is therefore rejected.

STATE v. RIFFE

[191 N.C. App. 86 (2008)]

## II.

[3] Defendant next argues that the trial court committed reversible error when it allowed the State to amend the indictments for third degree sexual assault of a minor over defendant's objection. We disagree.

The indictments alleged the date of the offenses on 30 August 2004. Defendant's trial counsel, during opening argument, stated that evidence would be presented that on 30 August 2004, the computer was "in the possession of a Randolph County Sheriff Department" and had been for approximately six months prior to trial. Consistent with this opening argument, defendant's counsel cross-examined all witnesses regarding whether defendant was in possession of the hard drive on the date alleged in the indictments. Each witness called that day conceded that on 30 August 2004, the computer in question was in the possession of a law enforcement agency and not defendant.[3] During the morning of the second day of trial, the State moved to amend the indictments in order to change the date of each count. The trial court allowed the amendment over defendant's objection.

"[T]he purpose of an indictment is to give a defendant notice of the crime for which he is being charged." *State v. Bowen*, 139 N.C. App. 18, 27, 533 S.E.2d 248, 254 (2000). "A bill of indictment may not be amended." N.C. Gen. Stat. § 15A-923(e) (2007). The term "amended" in N.C. Gen. Stat. § 15A-923(e), however, has been interpreted to mean that "a bill of indictment may not be amended in a manner that substantially alters the charged offense." *State v. Silas*, 360 N.C. 377, 380, 627 S.E.2d 604, 606 (2006). In determining whether there has been a substantial alteration, we must consider whether the indictment enables the accused to prepare for trial. *Id.*

In order to prevail, defendant "must show a fatal variance between the offense charged and the proof as to . . . an essential element of the offense." *State v. Pickens*, 346 N.C. 628, 646, 488 S.E.2d 162, 172 (1997). In the instant case, the amendment was made regarding the time of the alleged criminal conduct. Thus, if "time is not an essential element of [N.C. Gen. Stat. § 14-190.17A(a)], an amendment relating to the date of the offense is permissible since the amendment would not 'substantially alter the *charge* set forth in the indictment.'" *State v. Brinson*, 337 N.C. 764, 767, 448 S.E.2d 822, 824 (1994) (quot-

---

3. Lieutenant Keith Owenby, Detective Mike Bye, and Detective Joe Cline all agreed that defendant was not in possession of the computer's hard drive on the date alleged in the indictment.

ing *State v. Price*, 310 N.C. 596, 598-99, 313 S.E.2d 556, 559 (1984)). As we have set out above, the elements of N.C. Gen. Stat. § 14-190.17A(a) include only the elements of knowledge and possession. *See Dexter, supra.*

"A variance as to time, however, becomes material and of the essence when it deprives a defendant of an opportunity to adequately present his defense." *Price*, 310 N.C. at 599, 313 S.E.2d at 559. The only cases cited to this Court by defendant or uncovered by research where time may become material are those in which a defendant has asserted an alibi defense. *See e.g., State v. Custis*, 162 N.C. App. 715, 718-19, 591 S.E.2d 895, 898 (2004). In cases in which time is not an essential element of the crime and an alibi defense has not been presented, it has been held that an amendment as to the date of the offense is not material. *See State v. Simpson*, 159 N.C. App. 435, 438, 583 S.E.2d 714, 716 (2003). Since defendant did not present an alibi defense and time is not an element of the offense, we therefore find no error as to this issue.

III.

**[4]** Defendant's final argument is that the trial court committed reversible error in admitting and allowing the State to show the jury twelve video clips of children engaged in sexual activity. We disagree.

Defendant argues that because he stipulated that the computer contained images of child pornography that would be violative of the statute in question, the evidence was not relevant. Defendant's contention is without merit.

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2007). Clearly, the existence of videos on defendant's computer depicting sex acts is relevant to whether defendant had knowledge of their existence and whether the participants in the sex acts were in fact minors. As to the stipulation, the State correctly points out that "[a] party cannot control the admission of competent evidence by tendering stipulations deemed to be less damaging to his cause than the live testimony of the witness himself." *State v. Jones*, 294 N.C. 642, 650, 243 S.E.2d 118, 123 (1978). Simply put, a stipulation does not preclude the State from proving all essential elements of its case. *State v. Elkerson*, 304 N.C. 658, 665, 285 S.E.2d 784, 789 (1982).

STATE v. RIFFE

[191 N.C. App. 86 (2008)]

Defendant also argues that the evidence, even if relevant, was unfairly prejudicial and should not have been admitted. *See* N.C. Gen. Stat. § 8C-1, Rule 403 (2007) ("[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence"). Evidence will be considered "unfairly prejudicial" when it has "an undue tendency to suggest a decision on an improper basis, usually an emotional one." *State v. Hennis*, 323 N.C. 279, 283, 372 S.E.2d 523, 526 (1988).

Whether evidence is unduly prejudicial "is within the discretion of the trial court and will not be overturned absent an abuse of discretion." *State v. Roache*, 358 N.C. 243, 284, 595 S.E.2d 381, 408 (2004). An abuse of discretion results when a trial court's ruling is " 'manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.' " *Id.* (citation omitted).

As a general matter, images or photographs are competent to explain or illustrate what a witness could describe in words. *Hennis*, 323 N.C. at 283, 372 S.E.2d at 526. The probative value of photographs or images may be eclipsed by its tendency to prejudice if they are inflammatory, excessive, or repetitious. *Id.* at 284, 372 S.E.2d at 526. "The fact that a photograph depicts a horrible, gruesome or revolting scene does not render it incompetent." *State v. Sledge*, 297 N.C. 227, 231, 254 S.E.2d 579, 583 (1979).

In the instant case, we find no abuse of discretion. The State showed only a few seconds from each of the twelve clips to the jury. Each clip represented the foundation for one of the charges levied against defendant. Moreover, the images were non-duplicative. *Cf. Hennis*, 323 N.C. at 286-87, 372 S.E.2d at 528 (holding that a defendant was entitled to a new trial after the State twice displayed "thirty-five duplicative photographs" of murder victims with "redundant content" to the jury). Nor were the images displayed in a "slow, silent manner" on an "unusually large screen." *Id.* at 286, 372 S.E.2d at 528. The gravamen of a violation of N.C. Gen. Stat. § 14-190.17A is the image of a minor or minors engaging in sexual activity; accordingly, a non-duplicative, brief presentation of such evidence is appropriate as it serves as the basis for the charges. We therefore find no abuse of discretion in admission of the disputed evidence, and defendant's arguments to the contrary are rejected.

In conclusion, the trial court did not err in denying defendant's motion to dismiss the charges against him. Additionally, we find no error in the amendment of the indictments against defendant. Finally, the trial court did not abuse its discretion in admitting videos of minors engaged in sexual activity.

No error.

Judges ELMORE and STROUD concur.