STATE OF NORTH CAROLINA
v.
DEONTE JAVON NEAL
No. COA09-312.
Court of Appeals of North Carolina
Filed December 22, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General John P. Scherer II, for the State.
Charlotte Gail Blake for defendant.
ELMORE, Judge.
Deonte Javon Neal (defendant) pled guilty to possession with intent to sell or distribute marijuana, possession with intent to sell or distribute cocaine, and maintaining a vehicle for keeping and selling controlled substances, pursuant to a plea agreement. Defendant was sentenced to a minimum term of eleven months and a maximum term of fourteen months in the custody of the Department of Corrections. This sentence was suspended, and defendant was placed on supervised probation for thirty-six months. Defendant now appeals.
On 21 May 2008, Sergeant James Hafkemeyer pulled over defendant for making an illegal right-hand turn while speeding. When Sergeant Hafkemeyer asked defendant to roll down his window, defendant rolled it down only a couple of inches. In response to a second request by Sergeant Hafkemeyer, defendant lowered his window another couple of inches. When Sergeant Hafkemeyer ran defendant's license, he found that defendant had a history of drug and firearm related offenses. Sergeant Hafkemeyer radioed for assistance, and Officers James Griffinand Charles Parker arrived. Sergeant Hafkemeyer remained in his squad car, writing up a warning ticket for the illegal turn, and asked Officers Griffin and Parker to further investigate defendant. Defendant was uncooperative and hostile towards Officer Griffin's requests that he lower the window further, turn down his music, and step out of the car. Finally, after Officer Griffin opened the car door, defendant exited the car. Officer Griffin noticed that defendant was "upset and his breathing became more rapid." In response to defendant's "aggressive" attitude, Officer Griffin placed defendant in handcuffs but clarified that defendant was not under arrest. Officer Griffin informed defendant that he was going to pat defendant down for weapons. He proceeded to pat down defendant and did not find any weapons. Officer Griffin smelled marijuana on defendant and asked defendant if he had marijuana on him or if he had been near anyone with marijuana. Defendant denied possessing or having been near marijuana. Officer Griffin determined at this point that he had probable cause to search defendant for drugs, but did not yet conduct a more thorough search of defendant's person.
At this time, after Officer Griffin determined he had probable cause to search defendant but before Officer Griffin searched defendant, Officer Parker looked into the windows of the car, and saw what looked like marijuana on the floorboard. Officer Parker informed Officer Griffin of this. Then, Officer Griffin searched defendant for drugs, and found two plastic baggies containing marijuana. Following this discovery, the offers searched defendant's car and found three baggies containing marijuana and 22 grams of crack cocaine in defendant's trunk.
Defendant was indicted for possession with intent to sell or distribute marijuana, possession with intent to sell or distribute cocaine, and maintaining a vehicle for keeping and selling controlled substances. Defendant moved to suppress all evidence gathered after Officer Griffin's search for drugs. The trial court denied defendant's motion. Defendant pled guilty, though he reserved the right to appeal the denial of suppression, and the charges were consolidated for punishment.
Defendant argues (1) that Officer Griffin did not have probable cause to search him for drugs at the time that Officer Griffin determined in his own head that he had probable cause, (2) when deciding whether probable cause existed to perform the search, the court could not consider the new information learned by Officer Griffin between his determination to conduct a search and the actual search, and (3) that all evidence gathered as a result of the search is fruit from the poisonous tree and, therefore, inadmissible.
"[I]n reviewing the trial court's order following a motion to suppress, we are bound by the trial court's findings of fact if such findings are supported by competent evidence in the record; but the conclusions of law are fully reviewable on appeal." State v. Smith, 346 N.C. 794, 797, 488 S.E.2d 210, 212 (1997). We employ a totality of the circumstances analysis to review the affidavit and warrant. Illinois v. Gates, 462 U.S. 213, 238, 76 L. Ed. 2d 527, 548 (1983) (citations omitted). "In adhering to this standard of review, we are cognizant that great deference should be paid to a magistrate's determination of probable cause and that after-the-fact scrutiny should not take the form of a de novo review." State v. Dexter, 186 N.C. App. 587, 592, 651 S.E.2d 900, 904 (2007) (quotations, citations, and alterations omitted).
Defendant argues that finding of fact 38 of the trial court's order is not supported by competent evidence. Finding of fact 38 states, "Officer Griffin then[, after being advised by Officer Parker of the marijuana on defendant's floorboard,] determined that he had probable cause to search the defendant's person." The only evidence of when Officer Griffin determined that he had probable cause to search defendant for drugs was Officer Griffin's testimony. Officer Griffin testified unequivocally that he made the determination of probable cause after smelling marijuana on defendant's person and before Officer Parker informed Officer Griffin of the marijuana in defendant's car. The timeline described in finding of fact 38 is not supported by the evidence and is, therefore, erroneous.
However, this finding of fact affects neither the strength of the conclusions of law nor the outcome of the order. It is uncontroverted that the officers did not search defendant for drugs until after they both were aware of the smell of marijuana, the suspicious actions of the defendant, and the presence of marijuana in the car. None of the trial court's conclusions of law reference the moment when Officer Griffin opined silently that probable cause existed, nor do the conclusions of law need to reference this subjective fact. The relevant question for this Court is whether probable cause existed at the time that the search was consummated. See State v. Phifer, 297 N.C. 216, 225-26, 254 S.E.2d 586, 590-91 (1979) (explaining that even if an officer's stated reasons for searching are invalid, so long as probable cause existed at the time the search in question began, it is a valid search). In this case, the search of defendant's person occurred after both officers knew about the odor of marijuana and the marijuana on the floorboard; as stated in the conclusions of law, these facts established probable cause. Accordingly, the searches of defendant's person and vehicle that followed were valid.
For the foregoing reasons, we affirm the trial courts denial of defendant's motion to suppress.
Affirmed.
Judges WYNN and CALABRIA concur.
Report per Rule 30(e).