IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-384

Filed 21 November 2023

Forsyth County, Nos. 21CRS51595–97

STATE OF NORTH CAROLINA

v.

CORY WYATT BOWMAN, Defendant.

Appeal by defendant from an order entered by Judge Cynthia K. Sturges on 27 September 2022, in Forsyth County Superior Court, revoking his criminal probation and activating his suspended sentence. Heard in the Court of Appeals 18 October 2023.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Reginaldo E. Williams, Jr., for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Jillian C. Franke, for defendant-appellant.*

FLOOD, Judge.

Cory Wyatt Bowman ("Defendant") appeals from the trial court's revocation of his criminal probation for third-degree exploitation of a minor. Defendant argues the trial court erred in revoking his probation status, as (A) Defendant did not have notice that his probation would face revocation, and (B) the State failed to prove he committed a new criminal offense. As explained in further detail below, we find the trial court did not err.

## I. **Factual and Procedural Background**

On 21 June 2021, Defendant was charged with fifteen counts of third-degree exploitation of a minor. On 26 October 2021, Defendant pled guilty as charged, and on the same day, the trial court consolidated the convictions into three judgments. The trial court sentenced Defendant to three consecutive terms of five to fifteen months' imprisonment, which was suspended for sixty months' supervised probation. Included as conditions for Defendant's probation were, *inter alia*, that Defendant commit no criminal offense in any jurisdiction; participate in sex offender treatment; submit to warrantless searches for adult and child pornography; and a special condition under N.C. Gen. Stat. § 15A-1343(b2) (2021), that Defendant not "have any pornography adult or child."

In March 2022, Defendant began participating in group therapy pursuant to his court-mandated sex offender treatment. On 20 April 2022, during a group therapy meeting, Defendant admitted to "looking at child abusive material" and therefore was deemed non-compliant with the therapy. A counselor from Counseling and Support Associates reported Defendant's admission to his probation officer.

Two days later, on 22 April 2022, Defendant's probation officer ("Officer Wallace") and another police officer visited Defendant's home and made contact with him and his girlfriend. The officers asked Defendant if he knew why they were there, and he replied "[p]robably for porn." The officers asked Defendant about his cell phone, and he indicated that his phone was damaged and that he had instead been using his girlfriend's phone. The officers asked Defendant if he had "looked at any

child pornography," and he admitted to "looking at it" on his girlfriend's phone, and also admitted that he had factory reset his girlfriend's phone.

Defendant's girlfriend permitted the officers to look at her phone. Upon investigation of Defendant's girlfriend's phone, the officers observed Google search results for "little girls in bikini videos; little girl model videos; little girl videos; little girl web cams; . . . and live sex cam." Officer Wallace then contacted the Forsyth County Sheriff's Office, and a police deputy and investigator were sent to Defendant's residence. The investigator searched Defendant's girlfriend's phone, confiscated the phone, and determined "they could not pull anything off the phone that would lead to a new charge."

Soon after, Defendant went to a meeting with Officer Wallace, admitted again to viewing child pornography, and was arrested for the violation of being non-compliant in a group therapy class.

On 29 April 2022, Officer Wallace filed a violation report (the "Report"), alleging Defendant willfully violated probation. The Report reads, in relevant part:

> 1. Sex Offender Special Condition Number
> Per [D]efendant's judgment, he is "not to have any pornography adult or child." On [20 April 2022] [D]efendant admitted to his counselor with C.A.S.A. that he had downloaded child abuse material to his telephone. During a home contact on [22 April 2022], the offender admitted to this officer that he had viewed child pornography on his girlfriend's cellphone (estimated time frame was a month prior). This officer contacted the Forsyth County Sherriff's office about it. [D]efendant's girlfriend's cellphone was seized by

>      Investigator Tufft due to [D]efendant's admitting to
>      viewing child pornography on it.
>
>   2. Condition of Probation
>      "Participate in such evaluation and treatment as is
>      necessary to complete a prescribed course of
>      psychiatric, psychological, or other rehabilitative
>      treatment as ordered by the court" in that Defendant
>      was enrolled in sex offender treatment with counseling
>      and support associates (C.A.S.A.) on [15 March 2022].
>      On [25 April 2022] [D]efendant was non-complied from
>      group for the following: on [20 April 2022] he admitted
>      to the counselor that he had downloaded (to his
>      telephone) and watched child abuse material within the
>      past week prior to admission. This violates the group
>      rules [D]efendant signed on [7 March 2022]. On [22
>      April 2022] [D]efendant admitted to this officer that he
>      had viewed child pornography (estimated time frame
>      was a month prior).

(cleaned up).

This matter came on for hearing on 27 September 2022. The State argued that Defendant's admission of downloading and watching child pornography constituted a new criminal offense. The trial court asked Officer Wallace whether he had viewed any images on Defendant's girlfriend's phone, and Officer Wallace said he had not. Following this inquiry, Officer Wallace testified as to the Google search results he observed on Defendant's girlfriend's phone. Defendant's attorney contended that the search terms did not indicate illegality in the material viewed by Defendant, but the trial court noted that "whether or not what he did was illegal versus whether or not he violated probation, which he was not allowed to do, those are two different [questions]." The State then requested the trial court revoke Defendant's probation.

The trial court found Defendant violated probation, and that "the evidence does reasonably satisfy [the trial court] in [its] discretion that [Defendant] has violated conditions upon which his sentence was suspended," and ordered "that his probation is revoked and the suspended sentence is now active." In its written order, the trial court made the same findings, checked the box indicating that Defendant's probation was revoked for willful violation of the condition that he not commit any criminal offense, and indicated that each violation was, in and of itself, a sufficient basis upon which the court could revoke probation and activate Defendant's sentence. Defendant orally appealed from the trial court's order.

## II. **Jurisdiction**

Pursuant to Rule 4 of the North Carolina Rules of Appellate Procedure, this Court has jurisdiction over Defendant's appeal as to his argument concerning the State's alleged failure to prove he committed any new criminal offense. *See* N.C.R. App. P. 4(a)(1). As to Defendant's argument regarding notice, under Rule 10: "In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10. At trial, the following exchange occurred between the court and Defendant's counsel:

> THE COURT: To satisfy due process in a probation revocation hearing, probationer is entitled to written notice of the claimed violations.

- 5 -

We have that. You said you have notice.

MS. MARTIN: Yes, Your Honor.

Defendant's counsel admitted that Defendant had notice, and Defendant did not bring at trial a request, objection, or motion regarding notice. Proper notice is required for a trial court to have subject matter jurisdiction, however, and "the issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal[.]" *State v. Webber*, 190 N.C. App. 649, 650, 660 S.E.2d 621, 622 (2008) (citation omitted); *see State v. Kelso*, 187 N.C. App. 718, 723, 654 S.E.2d 28, 32 (2007). Accordingly, we address Defendant's notice argument.

### III. <u>Standard of Review</u>

Defendant asserts this Court reviews his appeal *de novo*. Defendant's assertion is erroneous as, "[w]hen reviewing the decision of a trial court to revoke probation, we review for abuse of discretion." *State v. Pettiford*, 282 N.C. App. 202, 206, 869 S.E.2d 772, 776 (2022) (citation omitted). A trial court abuses its discretion when its "ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *Id.* at 206, 869 S.E.2d at 776 (citation and internal quotation marks omitted). "Nonetheless, when a trial court's determination relies on statutory interpretation, our review is *de novo* because those matters of statutory interpretation necessarily present questions of law." *State v. Johnson*, 246 N.C. App. 132, 134, 782 S.E.2d 549, 551–52 (2016) (citation and internal

quotation marks omitted). Here, the trial court's conclusions of law in its written order did not concern statutory interpretation, and our review is therefore for abuse of discretion. *See id.* at 132, 782 S.E.2d at 551–52; *see also Pettiford*, 282 N.C. App. at 206, 869 S.E.2d at 776.

### IV. <u>Analysis</u>

Defendant contends on appeal: (A) the trial court erred in revoking Defendant's probation as he did not receive effective notice that he would face probation revocation, and (B) the trial court erred by revoking Defendant's probation because the State failed to prove he committed any new criminal offense.

### A. Notice

Defendant contends he was not given notice of the hearing and its purpose, as the State alleged in the Report that he had violated a sex offender special probation condition, which is not a revocable violation. We disagree.

Under statute, "[t]he State must give the probationer notice of the hearing and its purpose, including a statement of the violations alleged." N.C. Gen. Stat. § 15A-1345(e) (2021). "Just as with the notice provided by criminal indictments . . . the purpose of notice mandated by N.C. [Gen. Stat.] § 15A-1345(e) is to allow the defendant to prepare a defense[.]" *State v. Moore*, 370 N.C. 338, 342, 807 S.E.2d 550, 553 (2017) (cleaned up) (citations and internal quotation marks omitted). Our Supreme Court has provided:

> A statement of a defendant's alleged actions that constitute the alleged violation will give that defendant the chance to prepare a defense because he will know what he is accused of doing. He will also be able to determine the *possible effects* on his probation that those allegations could have, and he will be able to gather any evidence available to rebut the allegations.

*Id.* at 342, 807 S.E.2d at 553 (emphasis added). One possible effect a defendant's actions may have on his probation, if said actions constituted a crime or absconding, is the revocation of said probation. *See* N.C. Gen. Stat. §§ 15A-1343(b)(1), 1344(a).

Here, Defendant was convicted for fifteen counts of third-degree exploitation of a minor, a crime that "prohibits the mere possession of child pornography." *State v. Fletcher*, 370 N.C. 313, 320, 807 S.E.2d 528, 534 (2017). Defendant was then placed on probation with the condition that he "not have any pornography adult or child." *See* N.C. Gen. Stat. § 14-190.17A(a) (2021) ("A person commits the offense of third[-]degree sexual exploitation of a minor if, knowing the character or content of the material, he possess material that contains a visual representation of a minor engaging in sexual activity."). In the Report, after noting that Defendant's probation is subject to the condition he "not have pornography adult or child[,]" Officer Wallace described Defendant's alleged actions of downloading to his phone and viewing "child abusive material," and viewing child pornography on his girlfriend's phone.

The Report's description of Defendant's alleged behavior was sufficient to give Defendant notice of possible probation revocation. While the Report does not explicitly allege that Defendant violated his probation by committing a criminal

offense, its allegation of Defendant downloading and viewing child pornography gave

Defendant the chance to prepare a defense against the accusation of him possessing

child pornography—conduct that may be criminal as third-degree exploitation of a

minor, which is the very offense for which Defendant was convicted. *See Moore*, 370

N.C. at 342, 807 S.E.2d at 553; *see Fletcher*, 370 N.C. at 320, 807 S.E.2d at 534. We

conclude that, from the Report, Defendant was able to determine the "possible effects"

his alleged actions may have on probation, *i.e.*, revocation, and therefore hold the trial

court did not err. *See Moore*, 370 N.C. at 342, 807 S.E.2d at 553.

## B. New Criminal Offense

Defendant argues that, even if the State gave him effective notice that his

probation could be revoked for committing a new criminal offense, the State failed to

meet its burden to show that a crime was committed. We disagree.

This Court has provided:

> A proceeding to revoke probation is often regarded as
> informal or summary, and the court is not bound by strict
> rules of evidence. An alleged violation by a defendant of a
> condition upon which his sentence is suspended need not
> be proven beyond a reasonable doubt. All that is required
> is that the evidence be such as to reasonably satisfy the
> judge in the exercise of his sound discretion that the
> defendant has violated a valid condition upon which the
> sentence was suspended.

*Johnson*, 246 N.C. App. at 134, 782 S.E.2d at 551; *see also State v. Monroe,* 83 N.C.

App. 143, 145–46, 349 S.E.2d 315, 317 (1986). As articulated above, a condition upon

which probation may be revoked is the commission of a new crime, and one commits

the crime of third-degree exploitation of a minor when, "knowing the character or content of the material, he possesses material that contains a visual representation of a minor engaging in sexual activity." N.C. Gen. Stat. § 14-190.17A(a); *see* N.C. Gen. Stat. §§ 15A-1343(b)(1), 1344(a). A person possesses child pornography when he is "aware of its presence and has himself or together with others both the power and intent to control the disposition of the material." *State v. Dexter*, 186 N.C. App. 587, 595, 651 S.E.2d 900, 906 (2007); *see State v. Riffe*, 191 N.C. App. 86, 92, 661 S.E.2d 899, 904 (2008).

In *Monroe*, this Court heard a defendant's appeal of the lower tribunal's decision to revoke his probation, and the defendant argued, "the trial court erred in revoking his probation because the trial court's findings of fact in the revocation order do not support the conclusion of law that [the] defendant breached a condition of probation by committing a criminal offense." 83 N.C. App. at 144, 349 S.E.2d at 316. We disagreed with the defendant's contention and provided that, although the trial court did not specifically state whether the criminal offense was in violation of one of the two statutory crimes listed in the defendant's violation report, "the evidence presented amply support[ed] a finding that [the] defendant violated" one of the statutory crimes. *Id.* at 144, 349 S.E.2d at 316. As such, the trial court's revocation of the defendant's probation was proper. *Id.* at 145–46, 349 S.E.2d at 317.

Here, the State presented evidence that Defendant admitted twice to downloading and viewing child pornography and "child abusive material[,]" that

Defendant had factory reset his girlfriend's phone at some point after viewing the material on her phone, and that Defendant had made several suggestive Google searches on his girlfriend's phone. Defendant's admissions certainly support a finding that he possessed child pornography as, by downloading and viewing the material on his and his girlfriend's phones, he was necessarily aware of the pornography's presence and had the power and intent to control the material's disposition. *See Dexter*, 186 N.C. App. at 595, 651 S.E.2d at 906. This evidence, together with the remaining evidence presented by the State, was therefore sufficient to reasonably satisfy the trial court, in its sound discretion, that Defendant knowingly possessed material containing a visual representation of a minor engaging in sexual activity and committed third-degree exploitation of a minor. *See Johnson*, 246 N.C. App. at 134, 782 S.E.2d at 551; *see* N.C. Gen. Stat. § 14-190.17A(a).

In its written order, the trial court concluded, *inter alia*:

> 4. A [c]ourt may find a probationer has committed a new criminal offense regardless of the State's decision to drop the new criminal charge or to not bring a charge at all. . . .

> 5. The evidence before the [c]ourt was such as to reasonably satisfy the [c]ourt, in its discretion, that Defendant has willfully violated a condition of his probation.

(cleaned up). From the trial court's Conclusion of Law 4—that a court "may find a probationer has committed a new criminal offense regardless of the State's decision to . . . not bring a charge at all"—we conclude that the court found, in Conclusion of

Law 5, Defendant willfully violated the probation condition of not having child pornography by committing a new criminal offense.

Although the trial court did not specify in its order the new crime Defendant had committed, third-degree exploitation of a minor was the underlying crime for which Defendant was placed on probation with the condition that he not have child pornography. The State presented evidence which "amply support[ed] a finding" that Defendant committed third-degree exploitation of a minor, and the evidence was such that the trial court was reasonably satisfied Defendant violated a term of his condition. *See Monroe*, 83 N.C. App. at 145–46, 349 S.E.2d at 317. As such, the trial court did not abuse its discretion in revoking Defendant's probation.

## IV. <u>Conclusion</u>

Defendant has failed to demonstrate he did not receive notice that he would face probation revocation, and the trial court was reasonably satisfied Defendant violated a term of his condition such that revocation was proper. Accordingly, the trial court did not err in revoking Defendant's probation.

NO ERROR.

Judge GORE concurs.

Judge COLLINS concurs in result only.